[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Bernard R. Schram, was the operator of a motor vehicle that was struck head on by a vehicle operated by the defendant, Holley Ohar. He claims that Ohar was under the influence of liquor. He also claims that she was served alcoholic beverages by employees of the defendant, Mashantucket Gaming Enterprise. As a result of the collision he claims to have been injured.
Schram brought this action against Ohar in two counts, one for recklessness and one for negligence. He also sued the Mashantuckets and Robert A. Zitto, as permittee and backer of Foxwoods in three counts. Count three was a claim under the Dram Shop; count four claims wanton or reckless misconduct in serving CT Page 10889 Ohar alcoholic beverages while intoxicated; and count six is for negligent supervision of employees who served Ohar while she was intoxicated.
The defendants, Zitto, Mashantucket Pequot Tribe and the Mashantucket Gaming Enterprise (collectively referred to as the Tribe) have moved to dismiss the counts against them. They claim 1) that the court lacks subject matter jurisdiction because an exercise of state jurisdiction would infringe on tribal self-government; 2) that the doctrine of tribal immunity from suit prohibits the exercise of jurisdiction over these defendants; and 3) that the plaintiff has failed to exhaust tribal remedies.
The plaintiff claims that the state does have subject matter jurisdiction under the Settlement Act of 1983. In the case ofCharles v. Charles, 243 Conn. 653 (1987), the Supreme Court held that, by reason of the Act, the Tribe relinquished its right to require its consent to state jurisdiction. The plaintiff next argues that the Tribe's claim of immunity from suit is wrong. Recent cases hold that federal law expressly abrogated tribal immunity from civil suit, citing Charles, supra, p. 655. They further claim that Indian tribes have never enjoyed sovereign immunity from state law in the area of liquor distribution. InRice v. Rehner, 463 U.S. 715 (1983), a federally licensed Indian trader operated a general store on an Indian reservation and sought an exemption from state law requiring a state license for retail sale of liquor. The court held that state law in the area of liquor regulation was not preempted by federal law. Finally, the plaintiff claims he is not obligated to exhaust tribal court remedies because his cause of action is based on Connecticut law. He again points to the holding in Charles, supra p. 265 which held that the defendant, a tribal member living on the reservation could be sued in a Connecticut court for divorce and was not outside the jurisdiction of Connecticut or immune from suit. Furthermore, the plaintiff in that case was not obligated to first exhaust tribal remedies.
Prior to commencing this action, the plaintiff filed a complaint in the tribal court against the tribal defendants identical to counts three through six of the instant action. The tribal defendants filed an answer and an affirmative defense to that action. The defendants filed an exhaustive brief covering the history of tribal immunity over the years and across the nation. CT Page 10890
However, the Connecticut Supreme Court has established the law in the recent case of Drumm v. Brown, 245 Conn. 657 (July 28, 1998). In that case, the court made a comprehensive review of the history of tribal immunity and decided that court proceedings should be stayed while the plaintiffs exhausted their tribal court remedies and refused to dismiss the case.
The plaintiffs in Drumm, John C. Drumm and Richard Perron, were state police officers and Gerald O. Maranda. The officers had been assigned to the Foxwoods Casino and Maranda was formerly an employee in the security unit at the casino. They sued several officers of the Mashantucket Pequot Tribe. The plaintiffs alleged in their complaint that the tribal defendants intentionally inflicted emotional distress and caused them other damages as a result of an investigation of two illegal break ins involving tribal property. The sole issue in Drumm was whether the trial court properly dismissed the plaintiffs action on the ground that they had failed to exhaust their remedy in the tribal court. The court held that the action should be stayed as to Drumm and Perron and the action of Maranda should proceed in the trial court. The action of the tribal court dismissing the action was reversed.
Both sides in the instant case claim that Drumm supports their position. The Tribe claims this case should be dismissed because Schram did not exhaust his tribal remedies. Schram claims that because the court in Drumm did not dismiss the case for lack of subject matter jurisdiction, even though the case was against the Tribe itself, not just tribal members, the Superior Court does have jurisdiction over tribal defendants. He claims the only issue is whether he must exhaust his tribal remedies first. The tribal exhaustion doctrine is not jurisdictional and, therefore, does not mandate dismissal. Rather it may be satisfied by a stay of proceedings pending completion of the relevant proceedings in the tribal court. Drumm, supra, at 677.
The plaintiff argues that to stay the proceedings to determine if there is an adequate remedy in tribal court would serve no purpose other than delay, because tribal courts limit the amount of recovery in personal injury actions. Therefore, Schram should be allowed to proceed without a stay.
The court disagrees. The question of whether tribal court remedies for personal injury actions are inadequate is a matter not before the court at this time. CT Page 10891
However, in its affirmative defense to the complaint in tribal court, the Tribe stated that it lacks subject matter jurisdiction "as the Dram Shop Act imposes strict liability," in accordance with the Tribal Resolution which states:
 Tribal Resolution Number 011092-01 the . . . Sovereign Immunity Waiver Ordinance . . . Chapter 1, Section 5. Limitation on Awards.
 2. No rule of law imposing absolute or strict liability shall be applied in any claim for injuries under this Ordinance.
It appears, therefore, that with respect to the Dram Shop count, the case should neither be dismissed or stayed.
The motion to dismiss the case is denied. The action is ordered stayed as to all counts except the Dram Shop count which may proceed.
D. Michael Hurley, Judge Trial Referee